# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| DWIGHT BOYKIN, | : | |
| Plaintiff, | : | |
| vs. | : | CA 09-00747-WS-C |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | : | |
| Defendant. | : | |

## REPORT AND RECOMMENDATION

This cause is before the Court, pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 54(d)(2)(D) of the Federal Rules of Civil Procedure, on the petition for authorization of attorney's fees under the Social Security Act, 42 U.S.C. § 406(b) (Doc. 25) and the Commissioner's response to the same (Doc. 26). Upon consideration of all pertinent materials contained in the file, it is **RECOMMENDED** that the petitioner receive a reasonable fee in the amount of $2,933.50 under the Social Security Act. Because this award is smaller than the previous award of fees pursuant to the Equal Access to Justice Act ("EAJA") made in this case (*see* Docs. 22-24), it is further **RECOMMENDED** that the petitioner be authorized by the Court to retain the EAJA award, with the smaller amount ($2,933.50) to be distributed to the plaintiff.

### Findings of Fact

Byron A. Lassiter, Esquire, was hired by the plaintiff to represent him in connection with his claim for Supplemental Security Income benefits on April 18, 2006. (*See* Doc. 25, ¶ 1.) Four days prior to the filing of the complaint in this case (Doc. 1 (filed

on November 16, 2009)), that is, on November 12, 2009, the plaintiff executed a fee agreement wherein he agreed to the payment of an attorney's fee equaling twenty-five percent (25%) of all past-due benefits following a favorable decision. (Doc. 25, Ex. C, ¶¶ 2 & 3 ("It is understood and agreed that the attorney's fee will be 25% of the combined gross retroactive benefits from Social Security and Supplemental Security Income (SSI) resulting from a favorable award of the Commissioner, prior to any reduction under Section 1127(a) of the Act. It is understood that Social Security past due benefits represent the total amount of money to which I and any auxiliary beneficiary or beneficiaries become entitled through the month before the month SSA effectuates a favorable administrative determination or decision on my Social Security claim and that SSI past-due benefits are the total amount of money from which I become eligible through the month SSA effectuates a favorable administrative determination or decision on my SSI claim.")).

In this Court, the Commissioner filed, on April 15, 2010, an unopposed motion and memorandum for entry of judgment under sentence four of section 405(g) with remand of the cause to the Commissioner (Doc. 15). On April 19, 2010 and in response to that motion, the undersigned recommended that this cause be reversed and remanded pursuant to sentence four (Doc. 16), and on May 11, 2010, Chief Judge Steele adopted that recommendation and entered judgment accordingly (*see* Docs. 17 & 18). After this Court's remand, the Administrative Law Judge ultimately rendered a fully favorable decision, dated August 24, 2010, in which the ALJ determined that the plaintiff is

disabled and entitled to benefits commencing December 14, 2005, his protective date. (*See* Doc. 25, ¶ 7; *see also id.*, Ex. B.)

Based on the plaintiff's "Important Information" Notice dated January 19, 2011 from the Administration (Doc. 25, Ex. B), the petitioner has calculated that the plaintiff's past due benefits amount to $35,734.00 (*see id.*, ¶ 9). This calculation is based on, first, the fact that the petitioner has been paid $6,000.00 for administrative attorney fees and, two, the Administration's representation to the plaintiff that it "[has] $29,734.00 left to pay [him]" for past-due benefits "for November 2006 through October 2010." (Doc. 25, Ex. B at 1.) Twenty-five percent (25%) of the total past due benefits is $8,933.50. But, because the petitioner has already been paid $6,000 for administrative attorney fees (*see id.*, ¶ 9), he is only requesting that $2,933.50 be approved as an attorney's fee for legal services rendered to the plaintiff (*see id.*, ¶ 10)—which represents the remainder of 25% of the past-due benefits to which the Administration has determined that the plaintiff is entitled under the Act, less the $6,000 the petitioner has received from the Administration for services rendered before it—for the 23.20 hours he spent before this Court representing the plaintiff (*see* Doc. 25, ¶ 8 & Ex. A).

## Conclusions of Law

Section 206(b) of the Social Security Act, codified at 42 U.S.C. § 406(b), provides that a court which renders a favorable judgment to a Social Security claimant may award the claimant's attorney a reasonable fee for his representation of the claimant "not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled

3

by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits."[1]  Section 406(b) thus "provides for contingent fees to be charged **to the client**, with the amount to be set by the district court subject to a statutory maximum." *Watford v. Heckler*, 765 F.2d 1562, 1566 (11th Cir. 1985) (citation omitted; emphasis in original); *see Meyer v. Sullivan*, 958 F.2d 1029, 1035 n.12 (11th Cir. 1992) (the total amount of attorney's fees that may be awarded under the Social Security Act is limited to 25% of the past-due benefits awarded).

The Supreme Court has held that "§ 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements." *Gisbrecht v. Barnhart*, 535 U.S. 789, 808-809 (2002); *see also id.* at 807 ("Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. . . .  Within the 25 percent boundary, as petitioners in this case acknowledge, the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.")

---

[1] "When a claimant receives a favorable administrative decision following a remand of a case by the district court to the [Commissioner], the district court may award attorney's fees pursuant to 42 U.S.C. § 406(b)(1)." *Rohrich v. Bowen*, 796 F.2d 1030, 1031 (8th Cir. 1986) (citation omitted).

4

> Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved. If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court. If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order. In this regard, the court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases.

*Id.* at 808 (internal citations omitted).

In line with *Gisbrecht*, therefore, this Court need begin with the contingency fee agreement and should only reduce the amount called for by the agreement upon a determination that this amount is unreasonable. In adopting this approach, the Supreme Court rejected the Eleventh Circuit's adoption of the lodestar calculation of fees in *Kay v. Apfel*, 176 F.3d 1322, 1323 (11th Cir. 1999) (rejecting the "contingent fee" approach to calculation of attorney's fees under § 406(b) in favor of the "lodestar" approach) in favor of the contingency fee approach of other Circuits, including the Second Circuit, in *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990) (district courts must begin with the contingency fee agreement and may only "reduce the amount called for by the contingency agreement [] when it finds the amount to be unreasonable"); *see also Gisbrecht*, 535 U.S. at 799 & 808-09.

In this matter, the Administration has determined that the past-due disability

5

insurance benefits to which the plaintiff is entitled to receive total $35,734.00 (*see* Doc. 25, ¶ 9); 25% of this amount is $8,933.50. The contingency agreement which the plaintiff entered into on November 12, 2009 contemplates attorney's fees of as much as 25% of the claimant's past-due benefits following a favorable decision (*see* Doc. 25, Ex. C), and it is apparent to the undersigned that the amount requested by petitioner herein ($2,933.50), when combined with the $6,000.00 the petitioner has been awarded by the Administration, is not more than 25% of the past-due benefits the plaintiff has been awarded in this case. Moreover, there is no evidence that the petitioner delayed this case in any manner, nor can the Court find that the requested amount is so large as to be a windfall to the petitioner.[2] Given the length of petitioner's relationship with the claimant and the favorable results achieved by petitioner for the claimant, the undersigned considers the requested amount reasonable.

Accordingly, the Magistrate Judge recommends that the Court authorize the petitioner to receive, as a fee for services rendered before this Court, the sum of $2,933.50, which, when added to the $6,000.00 the petitioner has received from the Administration, represents 25% of the total of past-due Supplemental Security Income benefits awarded to the plaintiff. Upon receipt of this money, the petitioner must then, of course, refund to the claimant the smaller attorney-fee award made in this case. *See Gisbrecht*, 535 U.S. at 796 ("Congress harmonized fees payable by the Government under

---

[2] The request, when broken down, renders an hourly rate of approximately $126.44.

EAJA with fees payable under § 406(b) out of claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'"); *see also Watford*, 756 F.2d at 1566 n.5 ("[N]o 'double recovery' is permitted, and any award received by the claimant's counsel under the EAJA for work done in court must be used to reimburse the claimant up to any amount previously awarded under 42 U.S.C. § 406(b)(1) for counsel's services in court.").

## Conclusion

The Magistrate Judge **RECOMMENDS** the following:

1. that the petitioner receive as an attorney's fee for services rendered in this Court for the sum of $2,933.50 pursuant to 42 U.S.C. § 406(b);

2. that upon receipt of this award, the petitioner is to refund to the plaintiff the smaller attorney-fee award paid in this case (*i.e.*, $2,933.50); and

3. that the petitioner is specifically authorized to retain the greater EAJA fees awarded during the course of this litigation (Doc. 24 (judgment awarding plaintiff attorney's fees in the amount of $3,996.43 under EAJA)).

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the 28th day of November, 2011.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

# MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND <u>FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1. *Objection*. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982) (*en banc*). The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in S.D. Ala. L.R. 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[3] after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. *Transcript (applicable Where Proceedings Tape Recorded)*. Pursuant to 28 U.S.C. § 1915 and Fed. R. Civ. P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

---

[3] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" FED. R. CIV. P. 72(b)(2).